360    APPELLATE COURTS OF ILLINOIS.

Wisconsin W. & C. Co. v. Berlin Mach. Works, 192 Ill. App. 360.

6. NEW TRIAL, § 67*—*when application for continuance necessary to granting of new trial for newly-discovered evidence.* A new trial on the ground of newly-discovered evidence will be denied where during the progress of the trial defendant learned of the existence of material evidence in another State, but made no application for a continuance, claiming that he did not at any time during the progress of the trial have full information regarding the character of the evidence upon which to base an affidavit for a continuance, the affidavits on the motion for a new trial, however, showing that he had sufficient information, which together with an investigation in progress would, if properly presented, have warranted a continuance.

7. NEW TRIAL, § 69*—*when newly-discovered evidence too remote.* In an action for personal injuries, newly-discovered evidence that forty years previously the plaintiff had received an injury which required her to use crutches for a period of seven years, *held* too remote to warrant a new trial.

---

**Wisconsin Welding & Cutting Company, Defendant in Error, v. Berlin Machine Works, Plaintiff in Error.**

**Gen. No. 21,118.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. EDMUND J. JARECKI, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Stenographic report stricken and judgment affirmed. Opinion filed April 22, 1915.

**Statement of the Case.**

Action by the Wisconsin Welding & Cutting Company, a corporation, against the Berlin Machine Works, a corporation, on a contract, for the sum of sixty dollars, for merchandise sold and delivered and labor performed by the plaintiff for the defendant. Trial before the court without a jury. Judgment for plaintiff for twenty-eight dollars. Defendant brings error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

LESLIE H. WHIPP, for plaintiff in error.

HARRY A. BIOSSAT, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

### Abstract of the Decision.

MUNICIPAL COURT OF CHICAGO, § 27*—*when order extending time for filing bill of exceptions void.* Where the day upon which judgment in a fourth-class case was entered, an order was filed allowing the defendant sixty days within which to file a bill of exceptions, an order entered pursuant to a stipulation on the last day for the filing of the bill of exceptions granting a further extension is void, as not having been entered within thirty days after the rendition of judgment.

---

### Herbert L. Lemon, Appellee, v. Arthur H. Lemon et al., Appellants.

### Gen. No. 19,892.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in this court at the October term, 1913. Modified and affirmed. Opinion filed April 26, 1915. Rehearing denied May 10, 1915.

### Statement of the Case.

The appellee in this case, Herbert L. Lemon, brought a bill in equity in the Circuit Court of Cook county against the appellants, Arthur H. Lemon and Ida Matilda Lemon, his wife, and Warren A. Baker and Addie L. Baker, his wife, and made also parties defendant thereto the Monarch Metal Company, a corporation,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.